IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN G. ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 21-0079-WS-N |
| ) | |
| LAMBERT'S CAFE III, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court *sua sponte* on review of plaintiff's Amended Complaint (doc. 14) and defendant's Answer (doc. 15).

On March 31, 2021, the undersigned entered an Order (doc. 17) raising a question as to the presence or absence of federal subject-matter jurisdiction. In particular, the Amended Complaint predicates federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332(a); however, from the pleadings, a significant issue emerged as to the citizenship of defendant, Lambert's Café III, Inc. Both sides appear to agree that plaintiff, John G. Roberts, is an Alabama citizen, and that Lambert's is a Missouri corporation. Pursuant to 28 U.S.C. § 1332(c)(1), "[a] corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." *Id.* The pleadings reveal a disagreement between the parties as to the location of defendant's principal place of business. In particular, the Amended Complaint alleges that the location of Lambert's principal place of business is in Sikeston, Missouri (doc. 14, ¶ 2); by contrast, the Answer asserts that defendant's "registered agent and office address is in Foley, Alabama and its principal place of business is also in Foley, Alabama." (Doc. 15, ¶ 2.) Of course, if defendant is correct and Lambert's Café III, Inc.'s principal place of business is in Alabama, then complete diversity is lacking and this action must be dismissed for want of federal jurisdiction. For that reason, the March 31 Order directed each party to file a supplemental memorandum setting forth the factual and legal grounds for his or its contention in the pleadings as to defendant's principal place of business.

The parties have now done so.  (*See* docs. 18 & 19.)  Accordingly, the jurisdictional issue is ripe for adjudication at this time.

As noted, § 1332(c)(1) provides that a corporation is a citizen not only of every state in which it is incorporated, but also of the state where it has its principal place of business. "'Principal place of business' is a term of art with a defined legal meaning for jurisdictional purposes." *Wylie v. Red Bull North America, Inc.*, 627 Fed.Appx. 755, 757 (11th Cir. Sept. 21, 2015).  More than a decade ago, the Supreme Court held as follows:

> "We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.'  And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings …."

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). Both sides have now been given an opportunity to submit evidence and argument bearing on the location of Lambert's Café III, Inc.'s nerve center, and hence its principal place of business for jurisdictional purposes.

For its part, defendant has submitted the Affidavit of Craig Jackson, who identifies himself as "a corporate officer of Lambert's Café III, Inc." (Doc. 18-1, ¶ 1.)  Jackson avers that, from his office in the back of the building in Foley, Alabama where Lambert's Café is located, he oversees all daily operations of the restaurant and all business decisions related to the restaurant.  (*Id.*)  He further states that "Lambert's Café III is controlled here in Alabama and its headquarters are in Alabama.  The payroll is handled out of this location and we pay taxes in Alabama." (*Id.*)  Significantly, Jackson explains that defendant owns and operates the restaurant known as Lambert's Café in Foley, Alabama, and that "[t]he direction, control and the coordination of business activities of Lambert's Café III are all handled from my office at the restaurant in Foley." (*Id.*, ¶ 2.)  The Foley, Alabama location "is the <u>only</u> place that Lambert's Café III, Inc. operates as a business." (*Id.*)  Based on the Jackson Affidavit, defendant has made a compelling showing that its nerve center – the actual center of its direction, control and coordination – is located in Alabama, such that Lambert's Café III, Inc.'s principal place of business is in Alabama, rendering defendant an Alabama citizen (and, hence, non-diverse) for jurisdictional purposes.

In response, plaintiff offers two records from the Alabama Secretary of State. The first is a Business Entity Record for Lambert's Café III, Inc., describing it as a "Foreign Corporation" and listing its "Place of Formation" as Missouri. (Doc. 19-1.) The second is an "Application for Certificate of Authority of a Foreign Corporation to Transact Business in Alabama" dated October 16, 1995. In this document, defendant lists its "Street address of principal office" as an address in Sikeston, Missouri, and identifies five directors and officers, four of whom have a mailing address in Sikeston, Missouri that matches the listed "principal office" address. (Doc. 19-2.) Based on these documents, Plaintiff argues that the Jackson Affidavit "conflicts with information that is available to the public and what was submitted to do business in the State of Alabama." (Doc. 19, at 2.)

Plaintiff's submission suffers from both a factual defect and a legal defect. From a factual standpoint, there is no conflict because the Jackson Affidavit describes Lambert's Café III, Inc.'s operations in 2021, whereas the Alabama Secretary of State document dates back more than a quarter century to a snapshot in 1995. The legal issue is even more significant. Indeed, the Eleventh Circuit has rejected showings just like plaintiff's as being inadequate to satisfy the nerve center test. Specifically, in *Wylie v. Red Bull North America, Inc.*, the plaintiff attempted to establish the defendant's "nerve center" via "a corporate filing with the Georgia Secretary of State, [in which] defendant Red Bull listed a California address as its 'Principal Office Address' and listed the same address for several corporate officers. That alone is insufficient under *Hertz*." 627 Fed.Appx. at 758. Likewise, the *Wylie* panel explained that "[t]he fact that the CEO, CFO, and Secretary of defendant Red Bull are listed on the form as sharing that 'Principal Office Address' does not establish Red Bull's principal place of business under the 'nerve center' test." *Id.* Plaintiff's showing here fails for exactly the same reason.

In sum, then, defendant has submitted the affidavit of one of its corporate officers stating that all direction, control and coordination of defendant's business activities occurs in Foley, Alabama, and that the only place defendant operates as a business is in Foley, Alabama. That evidence constitutes a persuasive showing that the nerve center and, hence, principal place of business of Lambert's Café III, Inc., is located in Alabama, such that Lambert's is an Alabama citizen (as well as a Missouri citizen, based on its state of incorporation) for diversity purposes. Although plaintiff attempts to show otherwise, its evidence is not only outdated, but also falls

short under the Supreme Court's decision in *Hertz Corp. v. Friend*, as interpreted by the Eleventh Circuit in *Wylie*.

The information submitted by the parties overwhelmingly points to a conclusion that defendant's principal place of business is located in Alabama. As such, both plaintiff and defendant are properly deemed Alabama citizens for jurisdictional purposes, thereby destroying complete diversity and negating federal jurisdiction under 28 U.S.C. § 1332. For that reason, this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. A separate Judgment will enter.

DONE and ORDERED this 19th day of April, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE